Vt. 263; Morgan v. Stearns, 41 Vt. 398. Nor would it have passed to the orator by the deed of assignment to him, for their benefit. Rev. St. U. S. § 5045. But the transaction by which the property passed to the wife was inoperative as to the homestead right as against existing creditors, and the orator is entitled to recover it for them, if any there are that have claims against that estate in his hands; the whole right if the claims of such creditors amounted to five hundred dollars at the time he acquired the homestead right. If not, to recover such part of it as the amount of such claims at that time is a part of five hundred dollars. The rest of the property that he put into the house, and which passed to the wife, having been put there and so passed in fraud of the rights of creditors generally, can be reached for the benefit of them generally, subsequent as well as then existing ones, there being no special exemption to apply to it. McLane v. Johnson, 43 Vt. 48. The orator is entitled to a decree for a conveyance in the right of the wife by her and her husband, according to the statute of the state, of an undivided one-half interest in the premises, leaving the whole subject to the mortgage and to the payment of the note of five hundred and fifty dollars, to be lessened by the amount of the homestead right that is exempt from the claims of the then existing creditors. He represents all the creditors interested in the estate, and is entitled to recover whatever any of them are entitled to have administered by him, and the only question here is as to what he is entitled to recover of the defendants, and not at all as to how it shall be distributed after it is recovered. It does not appear how many, if any, nor to what, if to any, amount there are creditors whose claims existed at the time the premises became a homestead, and have been or are to be proved against the estate, therefore an account of them must be taken before a final decree can be fully made up. The bill does not pray for any account, but it is framed for the recovery of the estate in the hands of the wife defendant, and as an account is necessary to ascertain how much she is entitled to retain, it may properly be had under these pleadings, although, ordinarily, there should be a special prayer for an accounting. Davis v. Smith, 43 Vt. 269, 48 Vt. 52.

These views as to the main question involved in the case have been submitted to the circuit justice and are approved of by him. The decree of the district court is reversed, and let a decree be entered that the cause be referred to John L. Edwards, Esquire, special master, to take an account of the debts, if any, proved or to be proved against the estate of Dennis E. May, in the hands of the orator as assignee thereof in bankruptcy, that existed when he commenced to occupy the premises in question as a homestead, and make report thereof; and on the coming in of his report, if it shall appear therefrom that such debts then amounted to five hundred dollars, that then the defendants in the right of the wife defendant, within thirty days, convey to the orator an undivided half of the premises, leaving the whole subject to the payment of the mortgage thereon and the note of five hundred and fifty dollars signed by the defendants, with surety, as if the whole payment thereof were charged thereon; and in case such debts amounted to less than five hundred dollars, that the defendants likewise convey that same interest, lessened by such proportion thereof as the deficiency bears to fourteen hundred dollars; and that they release all claims against said estate in favor or for the benefit of the wife defendant on account of the sum of two hundred dollars she let the husband have, and payment of the sum of two hundred and twenty-five dollars borrowed by him out of her note. With costs of this suit to the time of the decree in the district court to the orator, and costs of the appeal there and in this court to the defendants.

## Case No. 7,398.

### JOHNSON v. MERCHAND.

## Case No. 7,399.

### JOHNSON v. MONELL.

[1 Woolw. 390.] [1]

Circuit Court, D. Nebraska. May Term. 1869.

[1] [Reported by James M. Woolworth, Esq., and here reprinted by permission.]